POWELL v. EASLEY

(50 S. E. (2d) 921)

*Messrs. L. H. Andrews* and *R. B. Morgan,* of Columbia, *for Appellant,*

*Mr. Hunter A. Gibbes,* of Columbia, *for Respondent.*

December 13, 1948.

Baker, Chief Justice.: This is a suit on an open account for merchandise sold and delivered to the appellant between February 8, 1947, and February 28, 1947, in the aggregate amount of $129.75. Attached to the complaint was an itemized statement, as copied from the books of the respondent. In the affidavit annexed to the statement of the account, it is set forth among other things, "that the annexed account

against Robert L. Easley, trading as Equipment Engineering Company of Columbia, S. C., and/or Highway Department, State of South Carolina, is correctly copied from the books of Original Entry of" respondent. The account was represented by three separate statements, one dated February 8, 1947, for $52.15; another dated February 27, 1947, for $40.00, and the third dated February 28, 1947, for $37.60. There is a notation at the bottom of the statement for $52.15 reading as follows:

"The above merchandise was sold and delivered to Robert L. Easley, Columbia, South Carolina, for the account of the State Highway Department, Radio Division, pursuant to his oral order."

Notations at the bottom of the statements for $40.00 and $37.60, read respectively as follows:

"The above merchandise was ordered by Robert L. Easley verbally on February 8, 1947, at Columbia, South Carolina, and shipped via Miller Motor Freight Express on February 27, 1947."

"The above merchandise was ordered by Robert L. Easley verbally on February 8, 1947, at Columbia, South Carolina, and shipped via Pennsylvania Railroad through the Freight Agent (Pennsylvania Transfer Co. Philadelphia) marked 'Freight collect.'"

The answer of the appellant admits the purchase and delivery of the merchandise but denies that he agreed to pay for same out of his personal funds, "inasmuch as, at the time the merchandise was sold and delivered to the defendant by the plaintiff, the defendant was acting as agent for the South Carolina Highway Department and serving in the capacity of Chief Radio Engineer, and that said merchandise * * * was purchased by the defendant for the Highway Department and the same was used by and was the property of the South Carolina Highway Department."

The respondent moved before the Judge of the Richland County Court to strike out the answer of the appellant as sham and frivolous, the grounds thereof being:

"1. The defendant admits that the goods described in the complaint were sold and delivered to the defendant and alleges that he was acting as Agent for the South Carolina Highway Department, and he purchased the goods for the Highway Department and the same were used by the Highway Department.

"2. That defendant did not allege and makes no claim that he represented to the plaintiff that he was acting as agent for the Highway Department. *That as a matter of law the defendant had no right or authority to buy goods on a credit in behalf of the State of South Carolina or any of its departments.* (Emphasis added.)

"3. That there is no claim that the goods were not delivered and that there is no dispute about the amount and that if the defendant fails to pay he is under obligation to return the goods to the plaintiff."

And in the event the motion was granted, notice was given that the respondent would ask for judgment in the amount sued for.

We quote from the order of Judge Bates in which he granted the respondent's motions:

"It appears that the defendant admits purchase of the goods set forth in the complaint, ut claims that they were purchased by him for the State Highway Department. Since the commencement of this action it appears that the Highway Department admitted that they received certain of the goods amounting to $52.15 and paid for the same. In as much as the defendant admits the purchase of the goods in his own name It Is Ordered that the answer be, and the same hereby is, dismissed as sham.

"It is further Ordered that the plaintiff, Harold H. Powell, have judgment against the defendant, Robert L. Easley,

doing business under the name of Equipment Engineering · Company for the sum of Seventy-seven and 60/100 ($77-.60) Dollars, this being the remainder of the amount of purchases after credit of the amount paid by the Highway Department, and for the costs of this action."

Did the Court commit error in striking the answer of the appellant and ordering judgment for the respondent on the pleadings?

If *as a matter of law* the appellant had no right or authority to buy merchandise on a credit in behalf of the State Highway Department, which merchandise was delivered to the appellant, then the appellant is primarily responsible for the payment of such indebtedness incurred, and has pled no valid defense. Of course, although, even if the appellant did not have authority as a matter of law to incur indebtedness on behalf of the State Highway Department, and the Highway Department accepted and used the merchandise so purchased on credit, such action on its part would be a ratification of the appellant's act, and the creditor could enforce the collection against the Highway Department, notwithstanding the fact that the appellant would be primarily liable therefor. However, the Highway Department has paid for that portion of the merchandise which it admits receiving, and there is no issue here between the respondent and the State Highway Department.

The answer of the appellant does not allege that he had any authority as a matter of law to incur indebtedness on behalf of the State Highway Department, and we have been unable to find that he had such authority as a matter of law, at the time the merchandise in question was sold and delivered to him.

It may be, dependent upon the appellant's ability to show that the State Highway Department received the benefit of all of the merchandise sold and delivered to him by the respondent, that he can recover in a separate action from the

Highway Department any amount he has to pay the respondent, but being primarily responsible for the payment of this entire indebtedness, the appellant's answer was properly stricken as sham and frivolous.

Affirmed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.